IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ST. PAUL FIRE AND MARINE**
**INSURANCE COMPANY,**

    Plaintiff,

vs.                                                          CASE NO. 1:04CV67-AK

**WHITE CONSTRUCTION COMPANY,**
**INC., et al,**

    Defendants.

_____/

## O R D E R

Presently before the Court is Defendants' Motion for Abstention, with supporting memorandum, (doc. 68), to which Plaintiff has responded. (Doc. 76). Having carefully considered the arguments of the parties and the cases cited by them in support of their respective positions, the Court is of the opinion that the motion should be **GRANTED**, and this matter **STAYED**.

## PROCEDURAL HISTORY

Plaintiff St. Paul is the surety on a performance bond issued on behalf of Defendant White Construction Company to cover work to be done for Florida

Department of Transportation (FDOT), the bond obligee, on a highway known as US 27. White executed a General Agreement of Indemnity (GAI) in favor of St. Paul agreeing to pay St. Paul for any losses incurred in connection with the issuance of this bond. On January 29, 2002, FDOT declared White to be in default and made demand upon St. Paul pursuant to the performance bond. In response to the demand, St. Paul contracted with another construction company to complete US 27 over White's objection and incurred additional costs.

Two lawsuits have resulted from this set of events: the present federal action filed on June 30, 2004, wherein St. Paul is suing White and Limerock Industries, Inc. for losses incurred in completing US 27 pursuant to the indemnity agreement; and the state court action, <u>White Construction Company, Inc. v. Florida Department of Transportation</u>, Case No. 05-264-CA-G, filed on January 31, 2005, in the Circuit Court of the Fifth Judicial Circuit for Marion County, Florida, for breach of contract in wrongfully terminating White and failing to pay money owed for work done on the project. White also seeks indemnification from FDOT for any damages awarded to St. Paul in the federal court suit.

Also at issue in the present case is White's counterclaim against St. Paul, based in part upon Florida Statutes 624.155 and 626.9541(1)(i)(3)(a) and (c), alleging that St. Paul owed White a duty of good faith and fair dealing to investigate whether FDOT's declaration of default was proper and to preserve White's claims against FDOT for money owed for work completed on the project. The interpretation of these two Florida statutes has been certified to the Florida Supreme Court by the United States Court of

**No. 1:04cv67-spm/ak**

Appeals for the Eleventh Circuit in Dadeland Depot, Inc. v. St. Paul Fire and Marine Insurance, Co., 383 F.3d 1273 (11th Cir. 2004). Specifically, the Florida Supreme Court has been asked to decide whether §624.155 provides for a cause of action against sureties, and if so, does a person pursuing a remedy for unfair settlement practices under section 626.9541 have to prove that the unfair practices were performed with such frequency as to constitute a "general business practice."[1] As far as the Court is aware, this case is still pending before the Florida Supreme Court. However, St. Paul asserts in its opposition to the request for abstention that the Florida Legislature has amended §624.155 since certification of these issues to expressly exempt a surety issuing a performance bond on construction of a highway project, and that this act became effective on June 14, 2005. Thus, St. Paul contends that the certification issue is no longer applicable to it since the second question before the supreme court concerning §626.9541 is contingent upon finding that §624.155 applied to sureties.

## BURFORD ABSTENTION

Defendants move to stay or dismiss this federal court action because the above cited statutes have been certified to the state supreme court and Burford v. Sun Oil Co., 319 U.S. 315 (1943) holds that federal courts should abstain in cases involving unsettled questions of state law when federal review may have an impermissibly disruptive effect on state policy. Defendants also contend that abstention is proper because these questions of state law bear on policy problems of substantial public importance. Kaiser Steel Corp. v. W. S. Ranch Co., 391 U.S. 593 (1968). Another line

---

[1] There are other questions certified in this case concerning arbitration, which are not at issue in the present case.

**No. 1:04cv67-spm/ak**

of cases cited by Defendants holds that a federal court should abstain whenever it is called upon to apply issues of state law which are unsettled and are pending in state court.  See The Nature Conservancy v. Machipongo Club, Inc., 579 F.2d 873 (4th Cir. 1978); Morgan v. Equitable Life Assurance Society, 446 F.2d 929 (10th Cir. 1971); United States v. Jenison, 484 F.Supp. 747 (D.C. R.I. 1980).

St. Paul argues that Burford abstention is not applicable in the present case because the issues before the Court are between two private parties, involve no state wide application, and are not of substantial public concern.  Thus, St. Paul argues, this Court's interpretation of state insurance law will not affect any persons beyond the parties in this lawsuit and would not disrupt state policy.  While the Court agrees that the issues presently before it are not of wide ranging application or perhaps even public concern, it is being called upon to interpret state law that is unsettled and is presently before the state supreme court for interpretation.  The issues are not simply uncertain or difficult as St. Paul proposes, *citing* Meredith v. City of Winter Haven, 320 U.S. 228, 236-237 (1943) (difficulties in ascertaining state law is insufficient basis for declining jurisdiction).  A federal court has already determined that certification to the state court is appropriate before it can apply these state laws, and therefore this Court is on notice that any federal interpretation thereof would be improper.  See Dadeland, *supra* (Eleventh Circuit finds "that this case turns on important questions of state law for which there is no controlling precedent, [therefore] we defer our decision pending certification of these questions to the Supreme Court of Florida.")

**No. 1:04cv67-spm/ak**

The Court further disagrees with St. Paul that the interpretation of these two statutes has no bearing on the issues before this Court because they are raised in an "out of time" counterclaim.  The Court granted leave in advance to White to file Count III of its counterclaim after a statutory period had expired (doc. 27), which it did (doc. 41), and the Amended Counterclaim is therefore not untimely.  Further, until these claims are dismissed they are before this Court and concern the application, and therefore, the interpretation of these precise statutes.  Although St. Paul asserts in its response that it is contemporaneously filing a motion to have Count III of the counterclaim (which is based on these state laws) dismissed, no such motion has been filed.

The Court also does not agree that these issues are now settled because the Florida legislature has amended its civil remedy statute to exclude sureties.  While the actions of the legislature "may" moot White's counterclaim, this Court would only be making an "Erie guess" until the questions certified to the supreme court are answered.  Indeed, the basis for the certification process is to avoid the making of "Erie guesses" and to offer the state court an opportunity to interpret or change their own law.  See Macola v. Government Employees Insurance Co., 410 F.3d 1359 (11th Cir. 2005) (concerning certification of different section of 624.155); Tobin v. Michigan Mutual Insurance Co., 398 F.3d 1267, 1274 (11th Cir. 2005) ( also concerning interpretation of Florida insurance law).  Thus, the Court finds this factor, that an unsettled question of state law at issue in this federal action is presently pending interpretation by the state supreme court, to be persuasive for abstention under the Burford analysis.  However, rather than stay this case pending resolution of the certification issues, the Court finds

**No. 1:04cv67-spm/ak**

that the case should be stayed pending resolution of the parallel state court action under the test for abstention set forth in Colorado River, as discussed below.

## **COLORADO RIVER ABSTENTION**

Abstention may also be appropriate when parallel state court proceedings are pending and exceptional circumstances exist that warrant deferral to those proceedings. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817-818 (1976).

If the two actions are indeed parallel, other factors for courts to consider in determining whether exceptional circumstances exist are: (1) the order in which the respective courts have assumed jurisdiction over property; (2) the inconvenience of either fora; (3) the order in which the cases were brought and the relative progress of the two actions; (4) the desirability of avoiding piecemeal litigation; (5) whether state or federal law will be applied; and (6) whether the state court can adequately protect the parties' rights. Moorer v. Demopolis Waterworks and Sewer Board, 374 F.3d 994, 997 (11th Cir. 2004). Although no one factor outweighs another and abstention can rest on one sole factor, maintaining jurisdiction rather than abstaining from it is preferable. *Id.*, at 997.

St. Paul argues that these are not parallel proceedings and do not involve the same parties or the same issues, but the Court disagrees. As Defendant points out, absolute identity of parties and issues is not required, rather the two actions will be deemed parallel if they concern "substantially the same" parties and issues. Ambrosia Coal & Construction Co. v. Pages Morales, 368 F.3d 1320, 1330 n.21 (11th Cir. 2004).

**No. 1:04cv67-spm/ak**

At least two issues are shared between these two cases: one, whether FDOT properly declared a default by White when it made a demand upon St. Paul on the performance bond; and two, whether St. Paul could or should have pursued rights against FDOT on behalf of White.  St. Paul contends that the two cases are "wholly unrelated," and that the issue of White's default is unrelated to White's counterclaim that St. Paul should have investigated whether FDOT properly declared White in default.  Actually, evidence of the propriety of the default will likely be significant to the issue of the adequacy of the investigation of it.  Nonetheless, FDOT is significant to these issues and crucial to a final determination of the claims between St. Paul and White, and the only reason that FDOT is not a party to the federal lawsuit is because Eleventh Amendment immunity prevents White from bringing FDOT into this suit.  The Court understands that St. Paul is not yet a party in the state court proceeding, but that White is attempting to add it as a party.  If St. Paul is added to the state court proceeding all the parties and all the issues that could arise from the transactions and events that occurred with regard to the indemnity agreement and performance bond at issue for this road construction project will be before a court.  But, the state court is the only forum that can decide all the issues between the parties with all the parties present.  Thus, the Court finds that these two actions are indeed parallel.

The Court also finds that not only is the state court adequate to address the rights of the parties, it is the only forum that can render a just, complete, and final disposition of the rights and interests at issue.  This factor alone persuades this Court that abstention is appropriate.  The Court has read the case cited by St. Paul for the

**No. 1:04cv67-spm/ak**

proposition that this factor "may weigh only against abstention, not in favor of it." (Doc. 76, p. 23 n.11). Actually the Eleventh Circuit stated:

> The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor or against dismissal when one of the forums is *inadequate* to protect a party's rights. (emphasis in original).

Noonan South, Inc. v. Volusia County, 841 F.2d 380, 383 (11th Cir. 1988). The actual passage quoted verbatim renders quite a different meaning from that proposed by St. Paul and in fact supports the Court's basis for abstention since the federal forum is indeed inadequate under the circumstances.

The Court also finds persuasive the fact that state law will be the rule of law in this case. At issue are state contract laws, a state highway, a state agency, and state insurance laws, some of which are unsettled or changing, and these factors weigh heavily towards the state court deciding the case.

The other factors for consideration, while not persuasive for abstention, also do not weigh against it either. As for the first factor, there is no *res* or property at issue.

The inconvenience of the fora is not a factor against abstention since Gainesville and Ocala, where the state court action would be tried, are only forty miles apart such that either forum would be equally convenient for the parties, their counsel, and the witnesses.

The difference in the progression of the two cases is also not a factor against abstention, although St. Paul and White have significantly differing views on the present status of the two cases. St. Paul contends that most of the written discovery is

**No. 1:04cv67-spm/ak**

complete in this case and nine depositions have been taken. White contends that only one deposition has been taken in both cases. St. Paul makes much of the fact that this case is set for trial in April, but it is the practice in federal court to set a trial early in the proceedings at the same time discovery deadlines are established. Such a setting does not automatically mean that the case will be ready for trial at that time. Neither party provided the Court with the docket sheet of activity in the state court case, and the parties' vastly differing representations about the progress of that case further clouds the issue. Regardless, the Court is not persuaded that either case has progressed so far as to render abstention an unwise act of judicial administration.

The fact that the state court action was filed eight months after the present lawsuit is not determinative for or against abstention since the decision to abstain does not turn on when the complaint was filed, but how much progress has been made in the two actions. Noonan, *supra* at 382, *citing* Colorado River. Contrary to St. Paul's characterization of the state court action against FDOT as an "afterthought" or perhaps a vexatious attempt to defeat diversity jurisdiction, the state forum was the only court where White could sue FDOT, and the Court does not find that the eight month delay is indicative of any ulterior motive.

Thus, the Court finds that abstention is warranted under either the Burford or Colorado River  tests, and further finds that the case should not be dismissed, rather it should be stayed pending final judgment in the state case. See Moorer, supra (staying a case is preferable to dismissing it when parallel state court proceedings are pending).

**No. 1:04cv67-spm/ak**

Accordingly, it is

**ORDERED:**

Defendants' Motion for Abstention (doc. 68) is **GRANTED**, and this cause is **STAYED** pending final judgment in the parallel state court proceeding <u>White Construction Company, Inc. v. Florida Department of Transportation</u>, Case No. 05-264-CA-G, filed in the Circuit Court of the Fifth Judicial Circuit for Marion County. Defendant White shall advise this Court on or before March 10, 2006, of the status of that case and the effect thereof on the pendency of the present cause.  Until such time all deadlines set forth in the Court's previous Orders are hereby terminated.  No decision will be rendered on any of the pending motions (docs. 77 and 84) during the pendency of this stay.

**DONE AND ORDERED** at Gainesville, Florida, this  **10th**day of November, 2005.

                              **s/ A. KORNBLUM**
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

**No. 1:04cv67-spm/ak**